[No. B061126. Second Dist., Div. Two. Apr. 20, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY BALMORE RIVERA, Defendant and Appellant.

COUNSEL

Maureen J. Shanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Marc E. Turchin and Paul C. Ament, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GATES, Acting P. J.**—Appellant was convicted by jury of two counts of robbery, in one of which he had used a deadly or dangerous weapon. (Pen. Code, §§ 211, 12022, subd. (b).) The court imposed a total sentence of five years and directed that it be served in the California Youth Authority. (Welf. & Inst. Code, § 1731.5, subd. (c).) He appeals contending:

"I. Appellant was denied his right to a fair and impartial jury under California Constitution, article I, section 16, where the court granted the prosecution's Wheeler motion, over defense objection, thus forcing appellant to trial in front of a different jury, even though appellant did not join the challenge which the court found unjustified. II. The trial court erred in failing to instruct the jury sua sponte on the lesser included offenses of attempted robbery and theft as to count one. III. The trial court abused its discretion in sentencing appellant to the upper term where it relied on

unsupported factors in aggravation and failed to consider valid factors in mitigation."

As to count I, Salvador Bernal testified that at approximately 5:25 p.m. on October 6, 1990, he was returning to his car parked near the intersection of 7th and Alvarado. In his hand he was carrying the car's stereo radio which he had removed "Because if you leave it inside, they break your windows and steal it." In this instance, however, even this precaution proved vain. Before Bernal could reach the vehicle he was surrounded by appellant and four others. He testified appellant then said, "I should give him the stereo or my life."

Frightened, Bernal threw the radio at appellant and was rewarded by being struck in the head from behind with a beer bottle. He fell to the ground where all the men joined in kicking him. When he finally escaped he contacted the police. After his wounds had been treated at the scene, the officers drove Bernal about the immediate area until appellant and one of his companions were located and identified. When Bernal ultimately returned to his car he found that its front, rear and one side window had been smashed.

In the interim, a short distance away, appellant and his friends had approached the car in which Jovel Sanchez was seated with his young daughter awaiting his wife's return. There, appellant displayed and offered to sell Sanchez a stereo of the same make as Bernal's. When Sanchez declined, stating he already owned one, appellant entered the vehicle and another of the group locked its doors. Inside, appellant opened the glove compartment, removed a screwdriver and, holding it against Sanchez's stomach, threatened to stab him unless he handed over all his money. As $37 was removed from Sanchez's shirt pocket, his wife approached and asked what was happening. Appellant then exited the car and, thrusting the screwdriver against her, told her not to speak or he would kill her. Happily, however, appellant and the others departed without appellant executing his lethal threats. This robbery was charged as count II.

In defense, appellant testified that he had simply been walking down the street behind his friends when, for some unknown reason, Bernal struck him on the head with a stereo rendering him unconscious. When he revived and resumed his stroll, he noticed that one of his companions was attempting to sell a stereo to Sanchez, who expressed a willingness to effect its purchase.

Though appellant averred he had played no part, and had no interest, in the outcome of this proposed transaction, nonetheless, when Sanchez inexplicably but spontaneously invited him to enter the car, he did so. He

claimed that once within, his misfortune continued. This time some other person had reached in and opened the vehicle's glove compartment causing a screwdriver to roll into appellant's lap. He asserted that both he and Sanchez had seized it and that he had taken possession of it only because he did not want Sanchez to point it in his direction. Then, his testimony continued, he left the vehicle in order to prevent Sanchez's wife from being struck by the stereo another of his friends was wielding. Throughout, appellant steadfastly and adamantly swore that he had never taken, or attempted to take, property from either Bernal or Sanchez and never had threatened them, or anyone else, in any fashion.

Appellant's first assignment of error arises from the following incident involving those juror challenges which are still referred to as "peremptory," though such term, of course, is no longer truly apposite. Of the first five jurors excused by the defense, three were Asians. The first and second of these challenges were made jointly, the third by appellant's codefendant alone. When the People called this potentially inappropriate conduct to the court's attention, the court heard explanation and argument on the subject and then discharged the entire panel.

Despite the wording of appellant's initial contention, he did not expressly object to this ruling below, either before or after the court's discharge of the panel, though he had argued that his codefendant's challenge had not been improper. Now, however, he asserts that because he was convicted by jurors chosen from a second panel rather than the first, he is automatically entitled to be retried before a jury chosen from yet a third prospective panel. Of course, since no jury composed of members of the original panel had ever been sworn, he does not go so far as to contend that considerations of jeopardy prohibit his retrial.

While to some extent respondent has joined appellant in debating the merits of the court's decision, we need not attempt to resolve that question here. Even if appellant's comments below were deemed to constitute an adequate objection, and even if we were to conclude the court had exceeded its broad discretion in the premises (see *People* v. *Johnson* (1989) 47 Cal.3d 1194, 1218-1222 [255 Cal.Rptr 569, 767 P.2d 1047]), his contention would still fail. This is so because he does not claim, nor could he rationally do so, that the jury which actually heard the evidence and determined his guilt, was anything other than that fair and impartial body to which he was constitutionally entitled. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 16.) He certainly has been unable to cite us to any authority, and our own research has revealed none, which even remotely suggests that in the absence of any claim of prejudice, the failure to select a jury from the first panel drawn is reversible error, per se.

Appellant's second contention is equally meritless. Neither the prosecution nor the defense presented any evidence that could have supported a finding of mere theft, or of an attempt, rather than a consummated robbery of Bernal. (*People* v. *Lewis* (1990) 50 Cal.3d 262, 276 [266 Cal.Rptr. 834, 786 P.2d 892].) In truth, had the court, sua sponte, instructed on crimes so inconsistent with appellant's sworn testimony, as well as his theory of defense, in all probability he would now, with far superior reason, be urging this as his assignment of error.

With reference to appellant's third contention, the court in imposing sentence stated:

"All right. In this matter, probation will be denied on the basis of the nature of the offense. The court finds the following factors in aggravation as to count I:

"That the defendant was the leader in this offense; that he was the person actually doing the talking to both victims that were involved in this case. That the court does find that there was premeditation, that the defendant's prior convictions were—adjudications are numerous and of increasing seriousness.

"The court finds the following factors in mitigation. The court finds no factors in mitigation. The court therefore selects the high term of five years as to count [I]."

This pronouncement was sufficient and is well supported by the record. Actually, the court displayed considerable leniency when it imposed only a concurrent sentence for appellant's robbery of Sanchez, since that offense not only involved threatened violence against a different victim, but was the one for which appellant was subject to an enhanced punishment for his use of a deadly or dangerous weapon.

The judgment is affirmed.

Fukuto, J., and Nott, J., concurred.